UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
JUL 0 1 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | 14-50049-01 |
| Plaintiff, | * | |
| vs. | * | REPORT and RECOMMENDATION (Motion for Bill of Particulars or in the Alternative to Dismiss, Doc. 40) |
| SUSAN SCHRADER | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is Defendant Schrader's Motion for a Bill of Particulars or in the Alternative to Dismiss (Doc. 40). The trial is currently scheduled for Tuesday, August 5, 2014. After careful consideration of the parties' written submissions, the court makes the following:

### RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Dismiss be **DENIED** and the Bill of Particulars be **GRANTED** in part.

### JURISDICTION

Defendant is charged in an Indictment with Conspiracy to Distribute a Controlled Substance in (Cocaine) violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C) and 846.[1] The pending Motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

### FACTUAL BACKGROUND

Schrader is charged along with four other co-defendants in a four-count Indictment. Schrader is charged in Count I with Conspiracy to Distribute a Controlled Substance (Cocaine). The date alleged for Count I is "beginning at a time unknown but no later than on or about 2005 and continuing to on or about the date of this Indictment . . ." The drug quantity alleged in Count I is

---

[1] Schrader is charged only in Count I. In the remaining three counts, the co-defendants are charged with Conspiracy to Distribute a Controlled Substance (Marijuana) in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(D) and 846, and Distribution of a Controlled Substance (Cocaine) in violation of 21 U.S.C. §§ 841 (a) and 841(b)(1)(C).

"a detectable amount of Cocaine . . ." Schrader moves to dismiss the Indictment, or in the alternative for a bill of particulars.

## DISCUSSION

1. **Motion to Dismiss; Sufficiency of the Indictment.**

Schrader asserts that because the Indictment alleges a beginning date of the alleged conspiracy as "unknown but no later than on or about 2005 . . ." it violates the five year statute of limitations found at 18 U.S.C. § 3282 and should be dismissed. She further asserts the Indictment is too vague because it fails to identify an amount of the controlled substance allegedly distributed. The basic requirements for the contents of an indictment are found at Fed. R. Crim. P.7(c)(1) which states in relevant part:

> **Rule 7. The Indictment and the Information**
> **(c) Nature and Contents.**
> **(1) In General.** The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. . . . For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation or other provision of law that the defendant is alleged to have violated. . . .

"The test of a the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013) (citations omitted, punctuation altered). An indictment which "tracks the statutory language" is sufficient. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008).

Schrader is charged with conspiracy to distribute cocaine in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C) and 846. Section 846 makes it unlawful for any person to conspire to commit any offense defined in the subchapter. Section 841(a)(1) makes it unlawful to "knowingly or intentionally . . .manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance . . ." Section 841(b)(1)(C) is the penalty section for

2

the unlawful acts described in Section 841(a) for the schedule II substance charged (in this case, cocaine, its salts, optical and geometric isomers, and salts of isomers).

Because Schrader is charged under § 841(b)(1)(C) instead of § 841(b)(1)(A) or (B), the amount of the mixture or substance containing a detectable amount of cocaine with which she is alleged to have conspired to distribute is necessarily less than 500 grams. Otherwise, she would have been charged under one of the other two alternatives which impose a higher penalty. Specifically, § 841(b)(1)(A) imposes a maximum penalty of life in prison for five kilograms of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers and salts of isomers. Section 841(b)(1)(B) imposes a maximum penalty of 40 years imprisonment for 500 grams or more of a a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers and salts of isomers.

The language of Count I alleges Schrader and her co-defendants, "beginning at a time unknown but no later than on or about 2005, and continuing to on or about [May 20, 2014] . . . knowingly and intentionally combined, conspired, confederated and agreed with persons known and unknown to the grand jury to knowingly and intentionally distribute and to possess with the intent to distribute a mixture or substance containing a detectable amount of Cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 846, 841(a), 841(b)(1)(C)." The language in count I tracks the statutory language of the offense with which she is charged. It could have been more definite and certain by specifying an approximate amount of cocaine she and her co-conspirators are alleged to have conspired to distribute. The Indictment is nevertheless sufficient because it contains the elements of the offense charged, and sufficiently apprises Schrader of what she must be prepared to meet, and in case any other proceedings are taken against her for a similar offense, to what extent she may plead a former acquittal or conviction. *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013). It is respectfully recommended that Schrader's motion to dismiss based upon insufficiency for vagueness of the Indictment be DENIED.

"Statutes of limitations in criminal cases are to be liberally interpreted in favor of repose."

3

*United States v. Dolan*, 120 F.3d 856, 864 (8th Cir. 1997) (citations omitted, punctuation altered). In a conspiracy charge, however, the limitations period begins to run from the occurrence of the last overt act committed in furtherance of the conspiracy that is set forth in the indictment. *Id.* "The fact that the conspiracy began outside the limitations period will not prevent prosecution so long as at least one act in furtherance of the conspiracy occurred within five years of the indictment." *United States v. Qayyum*, 451 F.3d 1214, 1218 (10th Cir. 2006) (citations omitted). Although the charge as stated in count I begins outside the five year statute of limitations, it is alleged to have continued through the date of the Indictment (May 20, 2014). It is therefore recommended that Schrader's Motion to Dismissed based on the statute of limitations be DENIED.

### 2. Bill of Particulars

Schrader asserts the long range of time in the Indictment, combined with the lack of drug amount specified in Count I, hinders her ability to adequately prepare for trial. The Government counters that it has provided "extensive" discovery to Schrader, with anticipated further discovery forthcoming.

Federal Rule of Criminal Procedure 7 states:

**Rule 7. The Indictment and the Information**

**(f) Bill of Particulars.** The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the court to determine whether a bill of particulars should be provided, and the court should grant the motion if necessary to prevent unfair surprise at trial. *United States v. Maull*, 806 F.2d 1340, 1345 (8th Cir. 1986). *See also, United States v. Butler,* 822 F.2d 1191, 1193-94 (D.C.Cir.1987). The court must strike a "prudent balance" between the legitimate interest of the government and the defendant. *United States v. MacFarlane*, 759 F.Supp. 1163, 1169 (W.D.Pa.1991). A bill of particulars is not a discovery tool or a device for allowing the defense to preview the government's theories or evidence. *United States v. Hester,* 917 F.2d 1083, 1084 (8th Cir. 1990). A bill of particulars properly includes clarification of the indictment, not the government's proof of its case. *United States v. Smith*, 341 F.Supp. 687, 690 (N.D.Ga.1972).

Likewise, acquisition of evidentiary detail in the form of the exact times of the acts alleged in the indictment for purposes of establishing an alibi is not the function of a bill of particulars. *United States v. Long,* 449 F.2d 288, 294-95 (8th Cir. 1971). The "whens wheres and with whoms of acts and participation in the charged conspiracy" is not properly the function of a bill of particulars. *United States v. Jiminez,* 824 F.Supp. 351, 365 (S.D.N.Y. 1993). That the Indictment alleges a conspiracy that spans a long time frame does not necessarily implicate the need for a bill of particulars. *See, e.g. United States v. Bowie,* 618 F.3d 802, 817 (8th Cir. 2010) (defendant charged along with eleven co-defendants in two separate seventeen year conspiracies; bill of particulars denied); *United States v. Beasley,* 688 F.3d 523, 532-33 (8th Cir. 2012) (indictment spanned seven years; bill of particulars denied).

Unlike the general federal conspiracy statute, *see* 18 U.S.C. § 371, the conspiracy provision of the Controlled Substances Act does not require an indictment to recite any overt acts taken in furtherance of the conspiracy. 21 U.S.C. § 846; *see United States v. Covos,* 872 F.2d 805, 810 (8th Cir. 1988); *United States v. Dempsey,* 806 F.2d 766, 769 (7th Cir.1986); *United States v. Sweeney,* 688 F.2d 1131, 1140 (7th Cir.1982). In fact, the Supreme Court has held that proof of "the commission of any overt acts in furtherance of the conspiracy" is not even required for a *conviction* under 21 U.S.C. § 846. *United States v. Shabani,* 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Thus, an indictment under 21 U.S.C. § 846 is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy." *United States v. Sweeney,* 688 F.2d at 1140. The Indictment in this case meets these standards.

The Indictment does not specially allege or quantify the amount of controlled substances the government attributes to Schrader's own actions, the actions of those she aided and abetted, and the reasonably foreseeable actions of others. In *United States v. Pippinger,* 552 F.Supp.2d 990, 994 (D.S.D. 2008) the undersigned held the Government was not required to provide a bill of particulars specifying drug amounts attributable to a particular defendant. Such specific information likewise need not be provided here. In *Pippinger,* however, unlike this case, the Indictment specified an approximate total quantity (other than a 'detectable amount') that was attributed to the co-

5

conspirators as a group. In Schrader's case, the charge in Count I of the Indictment does not allege how much cocaine the co-conspirators are charged with conspiring to distribute, other than the reference to the penalty statute. Although the Indictment is technically sufficient, the lack of specificity regarding the quantity of drugs the co-conspirators allegedly conspired to distribute as stated in Count I of the Indictment hinders Schrader's ability to make an informed decision as to any plea offer. *United States v. Lonzo*, 793 F.Supp. 57, 60 (N.D. N.Y. 1993). For this reason, it is recommended that the Government be required to provide a bill of particulars specifying an approximate total drug quantity attributed to Count I of the Indictment.

## CONCLUSION and RECOMMENDATION

For the reasons more fully explained above, it is respectfully RECOMMENDED to the District Court that Schrader's Motion to Dismiss (Doc. 40) be DENIED but that the alternative Motion for a Bill of Particulars (Doc. 40) be be GRANTED in part to provide an approximate total drug quantity attributed to Count I of the Indictment.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986).

Dated this ___1___ day of July, 2014.

BY THE COURT:

_____
John E. Simko

6