UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 14-50049-01-KES |
| Plaintiff, | |
| vs. | ORDER ON MOTION TO DISMISS, MOTION FOR BILL OF PARTICULARS, AND MOTION TO SUPPRESS |
| SUSAN MARIE SCHRADER, | |
| Defendant. | |

_____

## NATURE AND PROCEDURE OF THE CASE

Defendant, Susan Marie Schrader, is charged with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(C). Schrader moved to dismiss the indictment based on the statute of limitations and vagueness, and alternatively requested a bill of particulars. Docket 40. She separately moved to suppress her arrest and all evidence obtained directly or indirectly from a search of her home and office. Docket 42. The motions were referred to United States Magistrate Judge John Simko for a report and recommendation.

Initially, an evidentiary hearing was scheduled on Schrader's motion to suppress. The United States's response to the motion, however, indicated that the government did not seize any evidence or take any statements from Schrader on the

1

date in question, and consequently did not intend to introduce any evidence obtained directly or indirectly from the allegedly unconstitutional search. Docket 46. Subsequently, the evidentiary hearing was canceled and on June 24, 2014, Magistrate Judge Simko issued his report and recommendation denying as moot Schrader's motion to suppress. Docket 49. On July 1, 2014, Magistrate Judge Simko issued a second report and recommendation denying Schrader's motion to dismiss and granting in part her request for a bill of particulars. Docket 51. Schrader did not object to either report and recommendation. The United States objected to the second report and recommendation to the extent it granted Schrader's request for a bill of particulars. For the following reasons, the court adopts the report and recommendation of Magistrate Judge Simko on Schrader's motion to suppress. Additionally, the court adopts Magistrate Judge Simko's report and recommendation denying Schrader's motion to dismiss the indictment, but rejects the report and recommendation's determination with respect to Schrader's request for a bill of particulars.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), the court should make a de novo review "of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." *Accord United States v. Benitez*, 244 F. App'x 64, 66 (8th Cir. 2007) ("If a party objects to the magistrate judge's report and recommendation with respect to a dispositive matter, the district court judge must

2

conduct a *de novo* review of the disputed portion of the magistrate judge's report and recommendation."). Motions to suppress evidence and motions to dismiss an indictment are dispositive motions that require de novo review. Fed. R. Crim. P. 59(b)(1), (3). De novo review in the context of reviewing a magistrate judge's report and recommendation does not require a new evidentiary hearing and only means a district court "give[s] fresh consideration to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980) (internal quotations and citations omitted). The court has conducted a de novo review.

## FACTS

The pertinent facts are as follows:

Schrader was indicted on May 20, 2014, as part of a four-count indictment. Count I of the indictment alleged that:

> Beginning at a time unknown but no later than on or about 2005, and continuing to on or about the date of this Indictment, in the District of South Dakota and elsewhere, [Schrader and others] knowingly and intentionally, combined, conspired, confederated and agreed with persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and to possess with the intent to distribute a mixture or substance containing a detectable amount of Cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 846, 841(a), 841(b)(1)(C).

Docket 1 at 1-2. On May 29, 2014, Schrader was arrested at her home pursuant to an arrest warrant. *See* Docket 36 (arrest warrant).

**DISCUSSION**

**I.      Motion to Suppress**

Schrader requested suppression of her arrest and all evidence "obtained directly or indirectly from the illegal search and seizure of [her] home and office on her property in Pine Ridge, South Dakota on or about the 29th day of May, 2014." The United States responded that Schrader was arrested pursuant to a valid warrant, and that because no evidence was seized on May 29, 2014, the prosecution does not intend to introduce any evidence obtained directly or indirectly from the arrest and subsequent search. Docket 46. Based on that representation from the United States, Magistrate Judge Simko recommended that Schrader's motion to suppress be denied as moot. Schrader did not object to the recommendation. After conducting a de novo review, the court adopts the recommendation of Magistrate Judge Simko and denies the motion to suppress as moot.[1] *See United States v. Mitchell*, No. 08-CR-46-LRR, 2009 WL 36605, at *1 (N.D. Iowa Jan. 5, 2009) ("[W]hen the government agrees not to offer evidence which is the subject of the motion to suppress, the common practice is to deny the motion as moot."); *see generally United States v. Walker*, No. 96-3036, 1997 WL 182609, at *1 n.2 (8th Cir. April 16, 1997) ("[Defendant's] motion to suppress

---

[1] To the extent that Schrader challenges the legality of the arrest itself as a warrantless arrest, her motion is denied because she failed to object to the report and recommendation and because the record demonstrates that there was a valid arrest warrant based on an indictment. *See* Docket 36 (arrest warrant).

4

physical evidence is moot as the challenged physical evidence was not introduced at trial.").

## II. Motion to Dismiss the Indictment

Schrader moved to dismiss the indictment, arguing that it was impermissibly vague because it did not specify a time period for the alleged conspiracy or a quantity of drugs involved and because the range given falls outside the statute of limitations. Docket 40. Magistrate Judge Simko recommended that the motion to dismiss the indictment based on vagueness be denied because the indictment tracks the statutory language, and that the motion to dismiss based on the statute of limitations be denied because the conspiracy charged ran through the date of the indictment. Docket 51 at 3-4. Neither party objected to this part of the report and recommendation. After conducting a de novo review, the court adopts this portion of the report and recommendation, and Schrader's motion to dismiss the indictment is denied.

## III. Motion for a Bill of Particulars

As an alternative to her motion to dismiss the indictment, Schrader requested that the government provide a bill of particulars outlining the dates of the conspiracy and the quantity of cocaine involved. Docket 40 at 3. Magistrate Judge Simko found that a bill of particulars was not necessary to establish the dates of the conspiracy, but he did find that the absence of an overall quantity of drugs attributable to the conspirators as a group "hinders Schrader's ability to make an informed decision as to any plea offer." Docket 51 at 5-6. Consequently, Magistrate Judge Simko determined

5

that the United States should be required to provide a bill of particulars specifying an approximate total drug quantity under Count I.

The United States objected[2] to this portion of Magistrate Judge Simko's report and recommendation. Docket 53. The United States argues that proof of the amount involved is not necessary under the charged statutory provision because the government elected to charge a violation that does not carry a mandatory minimum sentence. Furthermore, the United States raises concerns relating to the conduct of a trial. The United States also points out that it has provided extensive discovery already. *See* Docket 63 and 63-1.

"The court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). " 'The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial.' " *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) (quoting *United States v. Livingstone*, 576 F.3d 881, 883 (8th

---

[2] The government requested "a de novo review of facts and determinations made by the Magistrate Judge." Docket 53 at 1. But a request for a bill of particulars is a nondispositive matter. *See* Fed. R. Crim. P. 59(a) (defining a nondispositive matter as one which "does not dispose of a charge or defense"); *United States v. Afremov*, No. 06-196, 2007 WL 2475972, at *2-3 (D. Minn. Aug. 27, 2007); *United States. v. Jorgensen*, No. CRIM04-1690103PAMRLE, 2004 WL 1630789, at *1 (D. Minn. July 19, 2004). The court reviews a magistrate judge's determination of a nondispositive matter deferentially and will "modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). Under either a de novo or clear error standard of review, the court would not adopt the portion of the report and recommendation that requires the United States to file a bill of particulars.

Cir. 2009)). A bill of particulars is not a discovery device or a means of acquiring evidentiary detail. *Id.*

In this instance, the government's charging decision conveys sufficient information on the quantity of drugs involved. A charge under 21 U.S.C. § 841(b)(1)(A) involves five kilograms or more of a mixture or substance containing cocaine, its salts, optical and geometric isomers, and salts of isomers and carries a mandatory minimum sentence of ten years and a maximum sentence of life in prison. A charge under 21 U.S.C. § 841(b)(1)(B) involves 500 grams or more and carries a mandatory minimum sentence of five years and a maximum sentence of forty years in prison. By charging Schrader with a conspiracy[3] to violate 21 U.S.C. § 841(b)(1)(C), which carries no mandatory minimum sentence and a maximum sentence of twenty years in prison, the government has alleged an offense where it does not need to prove a minimum quantity.

A specific quantity is not an element of the crime charged. *See United States v. Holt*, 149 F.3d 760 (8th Cir. 1998). At trial, the government would not have to introduce evidence of a specific quantity because quantity is not an aggravating factor here. *See, e.g., Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (holding that any fact which increases a mandatory minimum sentence is an element of the offense); *United States v. Sheppard*, 219 F.3d 766, 768 (8th Cir. 2000) (stating that facts which increase

---

[3] A person charged with a drug conspiracy is subject to the same penalties prescribed for the offense which was the object of the conspiracy. 21 U.S.C. § 846.

7

the statutory maximum are elements of the offense). Therefore, the indictment alone is sufficient to allow Schrader to develop a trial strategy because she knows the elements of the offense charged and she is aware of the penalty if she is found guilty.[4]

The Eighth Circuit Court of Appeals has allowed district courts to consider the extent of the discovery provided by the government when considering a motion for a bill of particulars. *See Huggans*, 650 F.3d at 1220. In this case, the discovery index and affidavit provided by the government give Schrader a clear picture of what she is charged with, what evidence the government will introduce, and what quantity of drugs she might be responsible for at sentencing. Consequently, there is minimal likelihood of a surprise, and Schrader is not hampered in developing a trial strategy or pursuing a particular defense. Instead, a bill of particulars as ordered in the report and recommendation would only incorporate a sum total for the discovery already provided, which is nothing more than evidentiary clarification.

The reason cited in the report and recommendation supporting the motion for a bill of particulars is that "the lack of specificity regarding the quantity of drugs the co-conspirators allegedly conspired to distribute as stated in Count I of the Indictment hinders Schrader's ability to make an informed decision as to any plea offer." Docket 51 at 6. It is unclear how the quantity attributed to the conspiracy as a

---

[4] The report and recommendation found that the indictment is sufficient "because it contains the elements of the offense charged and sufficiently apprises Schrader of what she must be prepared to meet, and in case any other proceedings are taken against her for a similar offense, to what extent she may plead a former acquittal or conviction." Docket 51 at 3.

whole would impact Schrader's ability to evaluate a plea agreement.[5] As noted, the indictment itself provides sufficient information on the drug quantity involved for Schrader and her counsel to make an informed decision on a plea offer. Additionally, the overall quantity attributable to the conspiracy as a whole may be substantially greater than the maximum amount chargeable under 21 U.S.C. § 841(b)(1)(C) because the government chose to charge some conspirators, presumably those with a larger role in the conspiracy, with an offense carrying a mandatory minimum sentence. If that is the case, providing the overall total quantity would have little relation to the conduct of this defendant and would have little utility in evaluating plea offers.

A defendant is entitled to "understand the nature of the charges, prepare a defense, and avoid unfair surprise." *Huggans*, 650 F.3d at 1220. Based on the indictment and the discovery provided, Schrader can perform those functions. Under Eighth Circuit precedent, a bill of particulars is not justified in circumstances such as Schrader's. Because the recognized justifications for a bill of particulars are not present here, the recommendation to grant the motion for a bill of particulars with respect to the overall drug quantity is contrary to law and is rejected.

---

[5] The case cited in the report and recommendation required, as a matter of local practice, that the government disclose the names of unindicted co-conspirators along with the quantity of drugs alleged. *See United States v. Lonzo*, 793 F. Supp. 57, 60 (N.D.N.Y. 1992). The names of co-conspirators, indicted or unindicted, are not at issue here, and some have been disclosed already by the government. *See* Docket 63 and 63-1.

## CONCLUSION

Neither party objected to Magistrate Judge Simko's report and recommendation denying Schrader's motion to suppress and her motion to dismiss the indictment. Ordering the government to provide a bill of particulars in these circumstances is beyond the proper scope of Rule 7(f) and is contrary to established law. Accordingly, it is

ORDERED that the report and recommendation of the magistrate judge on defendant's motion to suppress (Docket 49) is adopted, and defendant's motion to suppress (Docket 42) is denied in its entirety.

IT IS FURTHER ORDERED that the report and recommendation of the magistrate judge on defendant's motion to dismiss the indictment and to provide a bill of particulars (Docket 51) is accepted in part and rejected in part, and defendant's motion to dismiss the indictment or to receive a bill of particulars (Docket 40) is denied in its entirety.

Dated July 30, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE